# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JUAN SANTIAGO,**

        **Plaintiff,**

**-vs-**                                      **Case No. 6:08-cv-1569-Orl-35DAB**

**J & J CASEWORK, INC.,**
**JOHN MASTERSON,**

        **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed

herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' AMENDED MOTION FOR PROTECTIVE ORDER (Doc. No. 22)** |
| **FILED:** | **March 2, 2009** |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |
| **MOTION:** | **PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (Doc. No. 24)** |
| **FILED:** | **March 9, 2009** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |

In this Fair Labor Standards Act case, Plaintiff sued Defendants for alleged unpaid overtime

wages and benefits due to him. Defendants filed a counterclaim against Plaintiff for money lent. Doc.

No. 22. On January 15, 2009, Plaintiff served a request for documents on Defendants seeking copies

of federal and quarterly tax return forms and unemployment compensation notices. Doc. No. 24.

Defendants' response was that the documents requested were in the possession of First Financial Employment Leasing, Inc." First Financial Employee Leasing, Inc. ("First Financial") is an employee leasing company, and J & J Casework, Inc. has been a client of First Financial since January 26, 2006. Doc. No. 22 ¶ 4. Defendants' response, in the first instance was unacceptable. Federal Rules of Civil Procedure 34 allows a party to "serve on any other party a request to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents . . . which are in the possession, custody, or control of the party upon whom the request is served." FED. R. CIV. P. 34(a). Many courts have applied Rule 34 to hold that a party is "in control" of records about them that can be released by an authorization. *See, e.g.*, *Lischka v. Tidewater Services, Inc.,* 1997 WL 27066, *1 (E.D. La. Jan. 22, 1997) and numerous cases cited therein.

Following receipt of Defendants' responses for the tax documents, Plaintiff then served on First Financial, on February 19, 2009, a Notice of Serving Subpoena Duces Tecum Without Deposition for First Financial; Plaintiff sought copies for the past two years of the Employer's Annual Federal Unemployment Tax Returns, Quarterly Federal Tax Returns (Forms 940 and 941), Unemployment Compensation Tax Rate Notices, and related filings for the corporate Defendant J & J Casework, Inc. and the individual Defendant John Masterson. Doc. No. 22-2.

Defendants – *not* First Financial – now seek a protective order quashing the subpoena duces tecum to First Financial on the grounds the documents are "irrelevant and not reasonably calculated to lead to the discovery of admissible evidence," and the subpoena seeks private information of persons not a party to the action. Doc. No. 22. Defendants confusingly argue that the documents "do not exist because the Defendants do not file any of their own employment related tax forms"; instead,

J & J Casework, Inc. pays one total amount to cover its payroll, taxes, benefits, etc. to First Financial, who then processes the payroll. Doc. No. 22 ¶ 5. As Plaintiff cogently explains, he is seeking the tax forms from First Financial, not Defendants, based on Defendants' prior responses to discovery. Doc. No. 24.

The bottom line is that the payroll and tax documents related to J & J Casework do exist, but they are completed and filed by First Financial at J & J Casework's direction. Though the documents may be in the "possession" of First Financial, they are certainly within J & J Casework's "control" and can be released with J & J Casework's authorization. Thus, Defendants have no proper basis for seeking a protective order. The scope of discovery allowed under Rule 34 is provided for in Federal Rule of Civil Procedure 26(b)(1). Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Pro. 26(b)(1). The payroll documents Plaintiff seeks are relevant to his claim for unpaid and overtime wages, and to his defense against Defendants' counterclaim.

The Motion for Protective Order is **DENIED**. Pursuant to Federal Rule of Civil Procedure 37(a), it is **ORDERED** that First Financial produce the documents sought in Plaintiff's February 19, 2009 Subpoena within 11 days of the date of this **ORDER**.

Plaintiff seeks reimbursement for his attorney's fees in responding to Defendants' Motion for Protective Order. The Court finds that it is an appropriate sanction to award Plaintiff motion costs related to Defendants' filing of the Motion for Protective Order, which the Court finds did not have a reasonable basis. Costs of $500, to be paid forthwith, are appropriately assessed against Defendants.

**DONE** and **ORDERED** in Orlando, Florida on March 17, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record